# GALVESTON TERM, 1864.

## EX PARTE S. W. MONTGOMERY.*

The applicant, on the    day of    1863, was regularly enrolled in the militia of the State, and drafted for service in the State Troops. On the 20th December, 1863, he made his application for the writ of Habeas Corpus. At that time, he was held in custody by Brig. Gen. W. H. Hord, of the Texas State Troops. At the time he was enrolled and drafted, the applicant was a citizen of the State of Louisiana; was then, and is still, an officer of its militia, and also a member of the police jury of the Parish of Madison, where he resides. He was driven from his home by the public enemy; he brought to Texas his wife and daughter, a few of his servants, and a small part of his household furniture, to seek a temporary asylum from the outrages which were being committed by the enemy in said Parish. He intended to return to his residence in the State of Louisiana, so soon as it could be done with safety to his family. He had not vacated the offices which he held in the State of Louisiana; was expected by the citizens, and intended to return and discharge the official duties thereby incumbent upon him, at such times as the movements of the enemy and the course of events should permit. At the time of his enrollment, he had been in this State about two months. A short time thereafter, he returned to his place of residence in Louisiana, to look after his affairs at home; to attend to his official duties, and while there discharged such of them as the emergency of the occasion required. *Held*, that the applicant was not subject to be coerced to the performance of the military duty for which he was drafted.

The law requiring all able bodied free white male inhabitants of the State, over eighteen and under forty-five years of age, to be enrolled in the militia and made subject to do duty in the State Troops, was not intended to apply to such an inhabitant as the applicant.

His residence is not of that degree of permanency, that he may be justly called an inhabitant of this State, but more appropriately denominated a temporary resident, sojourner, or refugee.

Appeal from the judgment of the Hon. J. W. FERRIS, sitting in Chambers, at Dallas.

*John M. Crockett*, for appellant.

*Attorney General* for appellee.

MOORE J., delivered the opinion of the Court.

Judgment reversed, and applicant discharged.

---

* Chief Justice WHEELER did not sit in the cases decided at the Galveston Term, 1864.