JOHN S. FELLOWS v. JOHN P. SMITH, FANNY JANE SMITH AND JOHN GARNSEY.

*Conveyances void against creditors.*

A voluntary conveyance from husband to wife without valuable consideration, is void in law as against creditors.

An actually fraudulent design is not necessary to defeat a voluntary conveyance as against existing creditors.

Appeal from Lapeer.    Submitted April 17.    Decided April 24.

BILL to set aside deeds.    Defendants appeal.

*W. W. & M. N. Stickney* for complainant.    A deed given to enable the grantor to be paid and supported is void as against his creditors, *Robinson v. Stewart*, 10 N. Y., 189; *Cornish v. Clark*, 3 Eng., 695; *Rice v. Cunningham*, 116 Mass., 466.

*Wm. Hemingway, H. Geer* and *John T. Eakins* for defendants.

CAMPBELL, C. J.    Fellows sues as a judgment creditor to set aside a conveyance made by Smith to his wife

Fanny, and a subsequent one from her to Garnsey, as fraudulent against creditors. The conveyance was made in August, 1873, for a nominal consideration of $5,000. The debt now in judgment then existed.

An answer under oath was put in which avers in substance that the consideration of the deed arose in this wise: Smith was very sick and had been for some time, and did not expect to live long, and conveyed the land in consideration that she would pay certain debts, and for some she had already paid amounting to between $3,000 and $4,000. It also states that about $2,000 of the consideration was for the support and maintenance received by Smith from his wife before and after the deed, he being helpless and she maintaining him. It also claims the judgment was fraudulently obtained on a debt that had been paid.

There is no pretense that Garnsey was a purchaser for value.

Mrs. Smith and her husband were both sworn as witnesses. She testified that in addition to the deed of land, she received a mortgage of $2,250, and $500 in personal property. Also that no amount of debts to be paid was agreed upon, and no amount named for taking care of him. She shows that she paid a large amount of money out of the mortgage and personalty and out of money borrowed on property purchased for her previously by her husband. The debt now in judgment belonging to complainant is upon the purchase money of this other parcel.

Smith was also sworn, and testifies there was no agreement to pay any unsecured debts except one to Almedia Ballard.

Upon the whole case, while we do not think any fraud was intended, yet we think the conveyance is shown to have been without any legal consideration and voluntary. Its purpose was not a wrongful one, but Mrs. Smith paid nothing of her own for it and incurred no liability; and what she has paid out since was not

only not any part of an agreed consideration, but seems to have been no more or very little more than she had means of paying derived from her husband beyond this land.

Where a conveyance from a husband to a wife is a voluntary one, without valuable consideration, it is void in law as against creditors, because it transfers property they could have reached had no such transfer been made. An actually fraudulent design is not necessary to defeat a voluntary conveyance as against existing creditors.

The decree below was therefore correct in setting aside the conveyance as against the levy made under the judgment, and must be affirmed with costs against the appealing party.

The other Justices concurred.