Eby, Dowden & Co. v. Watkins.

Eby, Dowden & Co., Appellants, v. John P. Watkins, Respondent.

**Kansas City Court of Appeals, January 6, 1890.**

1. **Fraudulent Conveyances:** MORTGAGE OF STOCK IN TRADE. When from the terms of a mortgage on a stock in trade and from the evidence, it can be inferred that the intention of the parties to the mortgage was that the mortgagor should continue to carry on "his usual trade and business," it is *error* to peremptorily instruct the jury that the finding should be for the defendant on the plea in abatement.

2. ———: ———: EFFECT OF FAILURE TO RECORD: ABOUT TO CONVEY. The fact that a mortgage on a stock in trade is not recorded does not render it *no* conveyance at all; and if it did, still in delivering such a mortgage, so that it may be recorded at any moment, he is about to convey.

*Appeal from the St. Clair Circuit Court.*—Hon. D. P. Stratton, Judge.

Reversed and remanded.

*J. LaDue* and *G. A. Neal*, for the appellants.

(1) Fraud in a civil suit may be established in the minds of the jury by a preponderance of testimony. It is not, as is the case in criminal prosecutions, for obtaining goods under false pretenses, to be established beyond a reasonable, substantial doubt. *Eames v. Morgan*, 37 Ill. 160, 162, and cases cited; 18 Mo. 170–173. *Erhart v. Estill*, 6 Mo. App. 9, 10. (2) The court below erred in sustaining defendant's demurrer to the testimony, and instructing the jury to return a verdict for defendant *non obstante*. *Smith v. Hutchinson*, 83 Mo. 683, and authorities there cited; *Moody v. Deutsch*, 85 Mo. 237; *Alexander v. Harrison*, 38 Mo. 266; *Routsong v. Railroad*, 45 Mo. 236; *Hays v. Bell*, 16 Mo. 496; *Emmerson v. Sturgeon*, 18 Mo. 170; *McFarland v.*

*Bellows*, 49 Mo. 311; *Frick v. Railroad*, 5 Mo. App. 435; *Borgert v. Burchert*, 59 Mo. 80, and cases therein cited. (3) In the case at bar the testimony, which was drawn out by defendant, and not objected to, shows conclusively that defendant, on the twenty-third day of November, 1887, executed and delivered to the St. Clair County Bank a chattel mortgage on his entire stock of goods, fixtures and all, worth from thirty-five hundred to four thousand dollars, to secure payment of nine hundred and fifty dollars, and left mortgagor in possession of goods, and kept mortgage off the record. This fact alone, without any other testimony, was strong evidence of fraud, and, unexplained, would have warranted a verdict in favor of plaintiffs, and should have been submitted to the jury. *McNichol v. Rubleman*, 13 Mo. App. 515–524, and authorities there cited; *Bigelow v. Stringer*, 40 Mo. 195; *State to the use v. Distilling Co.*, 20 Mo. App. 21; *Distilling Co. v. Vossmeyer*, 25 Mo. App. 578; *Potter v. McDowell*, 31 Mo. 62, 74.

*Neal & Duckworth* and *Joshua LaDue*, further for the appellants.

(1) A deed is fraudulent and void as to creditors, and (2) will be presumed to have been contrived with that intent, if, by its terms, the property is left in the hands of the grantor with power of sale. *Caton v. Collins*, 2 Mo. App. 225; *Moser v. Claes*, 23 Mo. App. 420. (3) When such facts as would render the deed void on its face appear by extrinsic evidence the same legal effect follows. *Bullene v. Barrett*, 87 Mo. 185.

ELLISON, J.—This suit was instituted by attachment on the ninth of January, 1888, whereby defendant's stock of groceries was seized. The four causes of attachment alleged were that defendant had fraudulently conveyed and assigned his property and effects

That he had fraudulently concealed, removed and disposed of his property and effects. And that he was about fraudulently to do these things. The cause is here on plaintiff's appeal from the result of the trial of the plea in abatement; the court at the close of the plaintiff's case having given a peremptory instruction that the finding should be for defendant.

The testimony necessary to notice in order to dispose of the case showed that defendant in November, 1887, gave a chattel mortgage on the property attached to the St. Clair County Bank to secure a note of nine hundred and fifty dollars therein described, and which contained, among other provisions, the following: It conveys "all of my stock of merchandise and fixtures used therewith, consisting of dry goods, hats and caps, notions, clothing, boots and shoes, groceries, queensware, tobaccos and merchandise of every other kind, character and description, and all things whatsoever, now, or that may be hereafter used, bought or belong to said party of the first part, in the course of his usual trade or business, same to be kept (a part of which is now) in his store."

"The property hereby sold and conveyed to remain in my possession until default be made in payment of the said debt and interest, or some part thereof, but in case of said default, or of a sale or disposal, or attempt to sell or dispose of said property, or removal of, or attempt to remove the same from the aforesaid premises or from said city of Osceola, in said St. Clair county, or an unreasonable depreciation in value thereof, the said St. Clair County Bank, its assigns or their legal representatives, at his or their request, the acting sheriff of said county of St. Clair may take the said property, or any part thereof, into his possession, with permission to enter any of my premises therefor."

This mortgage was not recorded until about fifteen or twenty minutes before the attachment was levied. The defendant retained possession of the goods and was in

possession at the time of the levy. While there seems to be no direct proof, in terms, showing that he was selling the property in the usual way with retail merchants, yet the testimony does show that he remained in possession, that his store was open, and that he had a clerk. This, in connection with the statement in the mortgage as to the mortgagor's "usual trade or business" was such that while it would not be said to be void as a matter of law, yet the jury might well have found that he was selling the property for his own use, in the usual way with merchants. If such testimony had been followed by direct proof that he was so selling, it would have been conclusive as to the fraudulent character of the mortgage and would have sustained the attachment.

For, notwithstanding that we concede the mortgage was not fraudulent in law, yet, if the facts should be found as above stated, it will be fraudulent in fact, just as conclusively as if the facts were written in the mortgage. And this without regard to the intention of the parties. *Bullene v. Barrett,* 87 Mo. 185.

A point was made at the argument that, as the mortgage was not recorded, it was void as to plaintiffs, that it was not a conveyance as to plaintiffs, and therefore was as if it had not been written. There are two insurmountable difficulties with this position as applicable to this case.

The testimony shows that the mortgage was executed and delivered to the mortgagee several weeks before the attachment, and that it *was* recorded "fifteen or twenty minutes" before the levy. It was recorded as is plainly inferable from the testimony, as the attachment papers were being written up. So that allowing that there is any substance in the point made, it does not meet the facts.

Again, one cause alleged for the attachment is, that defendant was *about* fraudulently to convey; so then, if we should concede the point as made, we must certainly

hold that, when one makes and delivers a chattel mortgage which may be at any moment recorded and become a conveyance, he is about to convey.

The cause should have been submitted to the jury, and, for the error in giving the peremptory instruction, the judgment, with the concurrence of the other judges, is reversed and the cause is remanded.