JAMES N. SMITH *et al.*, Defendants in Error, v. OSCAR HAM, Plaintiff in Error.

Kansas City Court of Appeals, December 5, 1892.

Fraudulent Conveyances: SUBSEQUENT AGREEMENT FOR MORTGA-GOR'S BENEFIT. A subsequent agreement between the parties to a mortgage of a stock of goods, that the mortgagor is to remain in possession and dispose of the goods in the usual course of business, has the same effect as if made contemporaneously with the mortgage, and vitiates it in like manner; and such parol agreement may be engrafted on a written mortgage, just as at common law a mortgage of personalty can be made without writing.

| 51 | 438 |
| 53 | 117 |
| 51 | 433 |
| 55 | 451 |
| 51 | 433 |
| 61 | 566 |
| 51 | 433 |
| 63 | 314 |
| 51 | 433 |
| 67 | 481 |

*Appeal from the Cass Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

REVERSED AND REMANDED.

*W. A. Alderson,* for plaintiff in error.

(1)   The evidence is that the mortgagor retained possession of the goods and continued the sale thereof in the usual course of trade, applying the proceeds to her own use, and that of this the plaintiffs well knew, and made no objections thereto; and the evidence shows that such was the agreement *ab initio.*   The theory of the trial judge was that this was not sufficient to defeat plaintiffs, but that to so do it behooved the defendant to show that at the time of the execution and delivery of the mortgage there was an express understanding and agreement between mortgagor and mortgagee that the former should sell the goods as usual and apply the proceeds of the sale to her own use.   This is evidenced by the court giving instruction, numbered 4, of its own motion, and refusing instruction, numbered 1, presented by plaintiff.

*Whitsett & Jarrott,* for defendants in error.

SMITH, P. J.—The Richards & Conover Hardware Company recovered a judgment against A. A. Summers before a justice of the peace and caused an execution to be issued thereon to the constable, the defendant, who levied the same on a small stock of goods in the possession of Summers.   The plaintiffs claiming the goods under a prior mortgage to them from Summers brought this action of replevin against the defendant for the recovery of the possession thereof.   The mortgage except as to parties, property and amount is exactly like that set out in *Eby, Dowden & Co. v. Watkins,* 39

Mo. App. 27, and need not for that reason be more fully set forth here. There was a trial which resulted in judgment for plaintiffs, and defendant appealed.

The defendant assails the judgment mainly on the specific ground that the circuit court erred in giving upon its own motion an instruction which declared to the jury that, "if the court sitting as a jury believe from the evidence *that there was an understanding or agreement between plaintiffs or either of them with A. A. Summers at the time the chattel mortgage in question and in evidence was executed* that the said A. A. Summers was to remain in possession of the stock of goods mortgaged and continue to sell the same in the ordinary course of business and dispose of the proceeds for her own use and benefit, and if the court further believe that the said Summers did in pursuance of said agreement or understanding so remain in possession of said stock, and did continue to sell the same for her own use and benefit with the knowledge and consent of and in pursuance of such agreement with plaintiffs, or either of them heretofore made with said Summers, then said mortgage was fraudulent in fact." The particular objection to this instruction is, that although the jury might find from the evidence there was such an agreement between plaintiffs and Summers as is embraced in its hypothesis, |yet, unless such agreement was made *at the time the chattel mortgage was made,* or which is the same thing stated differently, that unless the extraneous agreement was entered into contemporaneously with the execution of the mortgage, the latter would not fall under the condemnation of the statute. Revised Statutes, sec. 5169.

This objection we do not think to be well taken. It has been held by a long and unbroken line of appellate court decisions that, when it appears on the face of a mortgage conveying personal property that

the mortgagor is to retain possession of the property, and to sell and dispose of it in the usual course of business for his own benefit, that such mortgage is void as to creditors, on the ground that such conveyance is deemed in law for the use of the mortgagor, and for that reason is void under the statute. *Robinson v. Robards*, 15 Mo. 459; *Brooks v. Wimer*, 20 Mo. 503; *Walter v. Wimer*, 24 Mo. 63; *Stanley v. Bunce*, 27 Mo. 269; *Reed v. Pelletier*, 28 Mo. 173; *State v. Tasker*, 31 Mo. 445; *State v. D'Oench*, 31 Mo. 453; *Bullene v. Barrett*, 87 Mo. 185; *Petring v. Chrisler*, 90 Mo. 649. And it is equally well settled by these adjudications that, in case where the mortgage is fair on its face, as in this case, and the same impeaching facts are proven by extrinsic evidence, the same legal consequences result from them when established.

But, suppose the extrinsic evidence shows that the agreement or understanding to do the things the statute says shall render the conveyance void is not entered into until the next day or week or month after the execution of the conveyance, does that fact exempt it from the operative effect of the statute? Or suppose A owes B $1,000, to secure which the latter executes to the former a mortgage, in all respects valid on its face, on a stock of goods worth $6,000, which provides that in case default is made in payment of the debt to be due in six or twelve months thereafter the mortgagee may take possession and sell; now, if it is shown by extrinsic evidence that, afterwards, perhaps before the debt is due, by an express or implied agreement or understanding between the mortgagor and mortgagee, the latter is allowed to retain possession of the goods covered by the mortgage, and to sell and dispose of them in the usual course of business, for his own benefit, until there remains not more goods than will pay the debt of A,

will it be contended that this does not vitiate the mortgage as to creditors, though the agreement was not made contemporaneously with the execution of the mortgage, but subsequently thereto? It has been the law for a long time·that a parol agreement may be engrafted on a written one so as to alter and modify the terms of the latter. *Bunce v. Beck*, 43 Mo. 466; *Henning v. Ins. Co.*, 47 Mo. 425; *Lanitz v. King*, 93 Mo. 513. It has been held, too, that at common law a valid mortgage of personalty may be made without writing. Jones on Chattel Mortgages, secs. 2, 69; *Hughes v. Menefee*, 29 Mo. App. 192.

So it would seem that the legal effect of such an agreement whenever made would be to modify the mortgage, and thus bring it within the statute. To hold otherwise would be to invite and facilitate the commission of all manner of frauds upon the rights of creditors. It would put it in the power of the mortgagor and mortgagee to hold "the creditors of the latter off at arm's length," while under cover of the mortgage he appropriated the mortgaged property to his own use. If the mortgagee can idly stand by and permit the mortgaged goods to be disposed of by the mortgagor for his own use until creditors come forward and seize the residue under execution, and then step in and take possession of them under the writ of replevin, then, indeed, is the statute "a vain delusion." We think whenever the agreement is made, whether at the time of the execution of the mortgage or subsequent thereto, that this is what vitiates the mortgage on which it is engrafted. This agreement may be expressed, or it may be implied from all the facts and circumstances detailed in the evidence. The evidence in this case was ample to have justified the submission of that question of fact to the jury.

It follows that for the vice in the instruction which we have endeavored to point out that it should not have been given in that form. When modified, as we have indicated, it is in other respects unexceptionable.

The judgment must be reversed, and the cause remanded. All concur.