ST. LOUIS BREWING ASSOCIATION, Respondent, v. DIEDRICH STEIMKE, Garnishee of CHARLES A. RAHNING, Appellant.

St. Louis Court of Appeals, December 8, 1896.

1. **Garnishment:** FRAUD: EVIDENCE. In a proceeding by a judgment creditor of defendant, to subject to garnishment the proceeds of sale of the contents of a store owned by defendant, who was in failing circumstances, at the time of the sale, of which fact the garnishee knew, where there was substantial evidence of undue and unusual haste in the purchase, and the purchase was made in a lump without detailed inventory and appraisement, and without any satisfactory explanation why the goods were not inventoried nor appraised, and the price was grossly inadequate,—Held: That such facts might be considered by the jury as badges of fraud.

2. ———: ———: LIABILITY OF GARNISHEE. If such sale was fraudulent, the garnishee was accountable to plaintiff for the entire proceeds received by him without regard to what he had paid for the goods.

3. **Practice, Appellate:** WEIGHT OF EVIDENCE: VERDICT. Where a verdict is so strongly opposed to the weight of the evidence and surrounding circumstances as to show clearly that it is the result of bias, prejudice, or passion on the part of the jury, the appellate court will vacate it, but the court can not assume that a verdict is necessarily the result of bias or prejudice, because opposed to the weight of the evidence.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Paul F. Coste* for appellant.

When a verdict is opposed, not only to the great preponderance of evidence, but also to all probabilities arising from surrounding circumstances, it is the duty of the trial court to sustain a motion for new trial. *Clark v. Fairly*, 30 Mo. App. 335.

A new trial will not be granted on the ground of excessive damages, unless the amount awarded shows passion or prejudice, and a disregard of the evidence on the part of the jury. *Barbour v. McKee*, 7 Mo. App. 587; *Meyer v. Tamm*, 11 *Id.* 589; *Welch v. McAllister*, 15 *Id.* 492.

This court will reverse a judgment, and award a new trial where the plaintiff's evidence is so improbable as to necessarily lead to the conclusion that the verdict was the result of passion or prejudice, or that the instructions of the court were wholly disregarded. *Spohn v. Railroad*, 87 Mo. 74.

*Kehr & Tittmann* for respondent.

There was ample evidence to support a finding that the transfer from Rahning to Steimke was made to the latter in secret trust, namely, to sell the property transferred, reimburse himself for the debt due him, and turn over the surplus proceeds to Rahning. *Bank v. Kansas City Lime Co.*, 43 Mo. App. 561; *Pattison v. Letton*, 56 *Id.* 325.

The instructions are in strict conformity with the law as declared by our appellate courts. *Smit v. Sad-*

*dlery Co.*, 64 Mo. App. 120; *McVeagh v. Baxter*, 82 Mo. 518.

ROMBAUER, P. J.—The plaintiff is a judgment creditor of Rahning, and has recovered in this action a judgment against Steimke, the garnishee of Rahning, for the full amount of its claim, to wit: $1,056.44 and interest. This judgment is challenged by the garnishee, on the ground that the verdict of the jury on which it rests is opposed to the evidence, and probabilities arising from surrounding circumstances to such an extent as to be clearly indicative of bias and prejudice on part of the jury in rendering their verdict. There is also some complaint in regard to the instructions. This, however, is without foundation, as the defendant's instructions were all given, and those given for plaintiff lay down propositions which have been frequently approved in this state, nor is the supposed vice in the instructions pointed out in appellant's brief in any manner.

The issues between the parties and the evidence adduced to support them presented for the consideration of the jury the sole question, whether the sale of the contents of a certain grocery store and saloon owned by Rahning and sold by him to Steimke was made in good faith and for an adequate consideration, or whether such sale was made by Rahning with an intention to hinder, delay, or defraud his creditors, of whom the plaintiff was one, and whether Steimke knew of that intent.

The facts shown upon the trial by uncontroverted evidence were that both Steimke and Rahning were grocers; that the former was the landlord of the latter, FRAUD: evidence. and that at the date of the sale which is claimed to be fraudulent as against the plaintiff, Rahning owed Steimke $225 for rent of the

store. Steimke knew that Rahning was indebted to others and that he was in fact in failing circumstances. The parties met at Rahning's store and Rahning made a proposal to Steimke that the latter should assume control of the store, sell its contents, and out of the proceeds pay to himself the accrued rent, and turn the residue over to Rahning. This offer Steimke under legal advice declined. The parties then agreed that Rahning should sell the contents of the store, and a horse, surrey, and harness, to Steimke at an aggregate lump valuation of $925. Of this amount $225 was retained by Steimke for rent due to himself, $300 was paid in cash, and $400 was to be paid on a mortgage debt due by Rahning to a third person, provided the mortgage proved a valid lien on the contents of the store, otherwise to Rahning direct. The only explanation furnished by Steimke why he being a grocer himself and running another grocery store at the time did not take goods which Rahning was willing to turn over to satisfy the rent, was that he, Steimke, did not want to have the storeroom vacant, which he owned, and Rahning occupied. No inventory of the goods and property turned over was taken. The groceries and liquors in the store were neither weighed, measured, nor counted. An accurate valuation of the contents of the store therefore necessarily rested more or less on a rough valuation.

On the trial of the case the plaintiff gave evidence placing the valuation of the contents of the store as high as $4,000. While this evidence was very unsatisfactory, as the witness who gave it was evidently biased against the defendant, and could not upon cross-examination give any detailed data bearing out his valuation, yet the fact remained that he was the former owner of the property, and as such was in a condition to form at least an approximate estimate of the value

of articles. The defendant substantially admitted that the value of the entire property turned over was over $1,000. He also admitted that he removed part of the groceries to his own store, and that he sold the contents of this store a few months thereafter for $2,000. It is true that he stated in explanation, that the groceries removed to his own store were of slight value, and that he had replenished this store with new goods before he resold it, but since he did not verify these statements by any bills, vouchers, or memoranda, we are at a loss to see how the jury were, as a matter of law, bound to believe his explanation.

It will be thus seen that there was substantial evidence of the following facts which might be considered by the jury as badges of fraud. Undue and unusual haste in the transaction of purchase. The purchase of the contents of a store in lump without detailed inventory and appraisement, and without any satisfactory explanation why the goods were neither inventoried nor appraised. Gross inadequacy in price. *Robinson v. Robards*, 15 Mo. 459; *Curd v. Lackland*, 49 Mo. 451; *Burgert v. Borchert*, 59 Mo. 80; *Snell v. Harrison*, 104 Mo. 158.

FRAUD: liability of garnishee.

If the sale was fraudulent, the garnishee was accountable to the plaintiff for the entire proceeds received by him, regardless of what he had paid. *Dallam v. Renshaw*, 26 Mo. 533; *McNichols v. Richter*, 13 Mo. App. 515. Hence in any view of the case there was substantial evidence to support the verdict.

WEIGHT of evidence: verdict.

Appellate courts should vacate verdicts where they are so strongly opposed to the weight of the evidence and surrounding circumstances, as to indicate clearly that they are the result of bias, prejudice, or passion on part of the jury, but they can not assume that a verdict is necessarily the result of bias

because opposed to the weight of the evidence. To do so would obliterate the well recognized distinction between the power of trial courts and appellate courts in that regard.

All the judges concurring, the judgment is affirmed.