## STEPHENSON v. LICHTENSTEIN, ET AL.
(No. 874;  Decided November 21st, 1916;  160 Pac. 1170.)

PLEADINGS—RELIEF DEMANDED—CONSTRUCTION—HOMESTEAD EXEMPTION—ENFORCEMENT OF JUDGMENT LIEN—JUDGMENT DEBTOR—NECESSITY OF PRESENTING JUDGMENT TO ADMINISTRATRIX—JUDGMENT—DEMURRER—PRIORITY OF LIENS.

1. Under Compiled Statutes, 1910, Section 4684, making judgments a lien upon the lands of the judgment debtor, and Sections 4759 and 4760, as amended by Chapter 104, Laws of 1915, relating to homestead exemptions, the lien of a judgment attaches to the excess value over the value of

the property exempt from execution sale, as fixed by law.

2. A petition in an action against the grantee of a decedent judgment debtor, alleging that the judgment debtor was the record owner of described property at the time of judgment, should be construed as an action to enforce the judgment lien against the particular property, and not an action to establish a lien, although it prays that the judgment be declared a lien and for general relief, in view of Comp. Stats. 1910, Section 5629, precluding the issuance of an execution on a judgment for the recovery of money rendered for, or against, a testator or intestate during his lifetime.

3. Property conveyed by a judgment debtor after the lien of a judgment attached is not a part of his estate, and where upon his death, his estate is insufficient to satisfy the judgment, it is unnecessary to present the judgment to his administratrix, as a claim before bringing an action against the grantee to enforce the judgment lien.

ERROR to District Court, Sweetwater County; HON. JOHN R. ARNOLD, Judge.

Action by A. C. Stephenson against Amelia Lichtenstein and others, for the enforcement of a judgment lien. From a judgment sustaining a demurrer to the petition and dismissing the action, on plaintiff's election to stand on the petition, plaintiff brings error. The facts are stated in the opinion.

*Walter B. Dunton,* for plaintiff in error.

The statute forbids the issuance of an execution upon a money judgment after the death of the judgment debtor. (Section 5629, Comp. Stats. 1910.) The judgment creditor is required to present the claim to the administrator for allowance. (Section 5595, Comp. Stats. 1910.) The death of the judgment debtor does not affect the lien of the judgment. (Morton v. Adams, 56 Pac. 1038; In re. Wiley's Estate, 71 Pac. 441.) In the present case the property was conveyed by a judgment debtor who took it subject to the lien. (Freeman on Judgments, Sec. 356; Strayer v. Long, 93 Va. 695; Ency. Pl. and Pr., Vo. 8, Pg. 510; Muir v. Bosey (Wyo.), 146 Pac. 595.) The conveyance prevented the property from becoming a part of the estate. The old

statutes, Sections 4665 and 4481, Comp. Stats. 1910, provide for the revival of judgments and executions against the representatives of a deceased judgment debtor by motion; these sections were superseded by a later statute, Section 5629, which prohibits the issuance of execution, a section borrowed from California, and construed in Hibernia Savings & Loan Society v. London & Lancashire Fire Insurance Co., et al., 71 Pac. 334, which recognizes an equitable remedy; this is a general principle. (Sweetzer v. Fox, 134 Pac. 601; Bonnifield v. Price, 1 Wyo. 223.) A judgment is a lien upon the excess value of a homestead above the statutory exemption. (Ames v. Eldred, 55 Cal. 136; Knock v. Bunnell, 21 Pac. 961; Jones v. Losekamp, 19 Wyo. 107; Coad v. Cowhick, 9 Wyo. 316.) By the decided weight of authority a judgment is a lien against the excess value of a homestead. (Freeman on Judgments, Sec. 355; Freeman on Executions, Sec. 249; Black on Judgments, Sec. 425; Vanstory v. Thornton, 34 Am. St. 483, and note, P. 505; Moriarty v. Galt, 112 Ill. 373; 23 Cyc. 1368; Tingley v. Gregory, 30 Neb. 196; Strayer v. Tong, 93 Val. 695; Horbach v. Smiley, 34 Neb. 217; Louden v. Yager, 91 Ky. 57; Davis v. Younge, 85 S. W. 90.)

*T. S. Taliaferro, Jr.,* and *W. A. Muir,* for defendants in error.

The apparent theory upon which this action was brought is to establish a judgment lien upon real estate; the language of the petition and argument of counsel justify that conclusion. The property does not belong to the estate and the administratrix is not a proper party. The demurrer was sustained below upon the ground that plaintiff was not entitled to a personal judgment against Amelia Lichtenstein, and that the petition did not state facts sufficient to constitute a cause of action.

BEARD, JUSTICE.

The parties to this action stand in the same relation as in the district court. The substance of the statements of the

petition in that court are, that on May 17, 1912, plaintiff recovered judgment against Oscar Feldscher and H. Lichtenstein in the district court of Sweetwater County for $1,841.78 and $6.90 costs, which judgment remains in force and unpaid except the sum of $300. That at the date of said judgment said Lichtenstein was the owner of and had the record title to Lot No. 1 and the southerly three feet and ten inches of Lot No. 2, in Block 7, in the North Addition to the Town of Rock Springs, in Sweetwater county, upon which said judgment became a lien at the date of its rendition. That Lichtenstein during his lifetime occupied said premises as a homestead. That about October 1, 1913, he conveyed said premises to his wife, Amelia Lichtenstein (one of the defendants here) and thereafter, about November 1, 1913, he died leaving an estate of the value of $300.00, and leaving as his sole heir his said wife Amelia Lichtenstein, who since the transfer to her of said premises has occupied the same as a homestead. That at the date of said judgment the value of said premises was $4,000.00 and the present value thereof is $3,500.00. That on June 11, 1915, said Amelia Lichtenstein was appointed administratrix of the estate of her deceased husband, and is the duly qualified and acting administratrix of said estate. That Feldscher is now and ever since the rendition of said judgment has been insolvent. That defendants Joseph Benesch and Emil M. Benesch claim an interest in said premises by virtue of a mortgage given to them on said property by defendant Amelia Lichtenstein, dated November 8, 1913. Plaintiff prayed that the said judgment above described be declared a lien upon said real property, subject to the homestead exemption of fifteen hundred dollars of defendant Lichtenstein, for the sum of $1,848.68 with interest at 8 per cent from May 17, 1912, less the sum of $300.00 paid thereon, and that said lien be declared a prior lien as against the defendants herein, and that the property be sold for the satisfaction of said judgment lien, free of all claims of defendants, other than said homestead exemption, and for general relief.

The defendants filed a joint general demurrer to the petition, and defendant Amelia Lichtenstein also filed her separate general demurrer to the petition.

The demurrer of defendants was sustained; and plaintiff electing to stand upon his petition, the action was dismissed by the court at plaintiff's costs, and he brings error.

It is not entirely clear what question was presented to and decided by the trial court. Counsel for defendants in their brief—they did not argue the case orally in this court—contend that the petition must be construed as an action to establish a lien upon the property therein described, and not an action to enforce a judgment lien already existing thereon, and that the facts stated are insufficient for that purpose. While plaintiff's counsel contend that the action is purely to enforce the lien of the judgment. If we were to consider the specific prayer of the petition, to the exclusion of the prayer for general relief, as conclusive of the question, there would be much force in defendant's argument. But considering the facts stated, and which must govern the decision, we think the petition should be construed as an action to enforce the judgment lien against this particular property. We understand this action was brought because of the statute (Sec. 5629, Comp. Stat. 1910) which in effect declares that no execution will issue on a judgment for the recovery of money rendered for or against a testator or intestate in his lifetime. It is alleged that the judgment became a lien upon the property at the date of its rendition (a legal conclusion perhaps), but it is further alleged that the judgment debtor was at that time the owner of and had the title of record to the property. Such being the case the judgment would become a lien thereon, subject to the homestead right of the judgment debtor; the statute, Section 4684, Comp. Stat. 1910, making judgments a lien on the lands and tenements including vested interests of the judgment debtor, and having provided for its sale on execution when the creditor makes an affidavit that he is of the opinion that it exceeds in value the sum of

$1,500.00 (now $2,500.00). (Sections 4759 and 4760, Comp. Stat. 1910, as amended by Ch. 104, S. L. 1915.) That is, the lien of the judgment attaches to the excess' value over the value of the property exempt from execution sale as fixed by statute. (White v. Spencer, 217 Mo. 242, 117 S. W. 20, 129 Am. St. Rep. 547, 16 A. & E. Ann. Cases, 598, and cases cited in note.)

The petition does not state whether or not the judgment was presented to the administratrix as a claim against the estate of H. Lichtenstein. But plaintiff contends that such presentation was not necessary. The facts alleged, we think, sustain that contention. The value of the estate is alleged to be only $300.00, an amount entirely insufficient to satisfy the judgment, and the property having been conveyed by Lichtenstein after the lien of the judgment attached was not a part of his estate and could not be reached in the administration of the estate. In Christy v. Dana, 34 Cal. 548, where the property had been conveyed by the debtor after the execution of a mortgage on the land against which it was sought to be enforced after his death, it was held that "inasmuch as no relief is demanded against the estate, and the intestate at the time of his death had no interest in the land, there was no need for the plaintiff to present his claim to the administratrix for allowance." To the same effect see Sichel v. Carillo, 42 Cal. 493; Harp v. Calahan, 46 Cal. 222; Hibernia Savings & Loan Soc. v. London & L. Fire Ins. Co., 138 Cal. 257, 71 Pac. 334; O'Doherty v. Toole, 2 Ariz. 288, 15 Pac. 28. The Probate Code of Arizona, as well as of this state, having been taken from that of California, the above cited decisions are quite persuasive and in point.

In the case here the plaintiff is not seeking to establish the judgment as a claim against the estate of Lichtenstein, and the property against which it is sought to enforce the lien is not the property of his estate.

We have considered all of the questions presented by either counsel, and are of the opinion that the court should

have overruled the demurrer. The record does not show what disposition, if any, was made of the separate demurrer of defendant Amelia Lichtenstein. For the error in sustaining the demurrer of the defendants the judgment is reversed and the cause remanded with directions to overrule the demurrer, and for further proceedings in accordance with law.                                  *Reversed.*

Potter, C. J., concurs.

Scott, J., did not participate in this opinion.