[No. 7178.]

## BULL ET AL. v. DOSS BROTHERS ELECTRIC CONSTRUCTION COMPANY.

1. WRIT OF ERROR—*Payment of Judgment—Effect*—Payment of the judgment pending a writ of error to review it is an abatement of the writ of error. The fact that the creditor has caused the judgment to be made a lien upon the real property of the debtor does not affect the question, even though the debtor is engaged in buying and selling land—(460).

2. PAYMENT—*Voluntary*—A judgment creditor causes the judgment to be made a lien on the lands of the debtor. The debtor in order to be able to prosecute his business of dealing in lands pays the judgment. The payment must be regarded as voluntary. The conduct of the creditor is in no sense duress —(460).

*Error to Denver District Court*—Hon. GREELEY W. WHITFORD, Judge.

Mr. W. W. DALE for plaintiffs in error.

Messrs. MURRAY & INGERSOLL for defendant in error.

Mr. JUSTICE WHITE delivered the opinion of the court:

March 21, 1910, the defendant in error, as plaintiff below, recovered a judgment against plaintiffs in error, and two days thereafter, in order to make the same a lien upon the real property of the judgment

debtors, caused a transcript of the docket entry of such judgment to be filed with the recorder of the city and county of Denver, as provided by § 251, Code of Civil Procedure, R. S. 1908. April 16, 1910, the judgment debtors, plaintiffs in error, brought the cause here for review, applied for, and secured a supersedeas, staying the execution of the judgment. Thereafter on August 22, 1910, plaintiffs in error paid the judgment and had the same satisfied of record.

Defendant in error has filed a plea in abatement. and moves to dismiss the writ, for the reason that plaintiffs in error voluntarily paid, satisfied and discharged the judgment. Plaintiffs in error maintain that the payment and satisfaction of the judgment was under duress or compulsion, and, therefore, constitutes no bar to the prosecution of the writ of error. We are unable to concur in this view of the matter. Defendant in error did nothing except that which the legislature authorized it to do. It made no illegal exactions of plaintiffs in error; indeed, no demand whatever. At the time no execution could have issued upon the judgment. The supersedeas stayed all proceedings to collect, so the judgment lien, though existing, was non-enforceable. It was no more incumbent upon plaintiffs in error to, at that time, satisfy the judgment than to liquidate an incumbrance before it became due, voluntarily placed upon their property. In either event, it might be to their interest or convenience to so do. They were engaged in buying and selling real estate, and negotiating loans thereon, and in order to more conveniently carry on that particular business, saw fit to satisfy the judgment, and remove the lien created thereby. This did not constitute duress.

The facts of this case bring it clearly within the principle announced in *Hawthorne, Trustee in Bankruptcy, v. Hendrie & Bolthoff Mfg. & Sup. Co.,* 50

Colo. 342; *Burns v. Natl. M., T. & L. Co.*, 47. Colo. 557; *Knowles v. Harrington*, 45 Colo. 346; *Floyd v. Cochran*, 24 Colo. 489, and *Atkinson v. Tabor*, 7 Colo. 195, 197.

The plea in abatement is, therefore, sustained, and the writ of error dismissed.

*Writ dismissed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE HILL concur.