475 P.2d 274

**Janice FREEMAN, Appellant,**

v.

**WINTROATH PUMPS—DIVISION OF WORTHINGTON CORPORATION, a** Delaware corporation, Appellee.

**No. 2 CA–CIV 797.**

Court of Appeals of Arizona, Division 2.

Oct. 9, 1970.

Rehearing Denied Nov. 2, 1970.
Review Denied Jan. 5, 1971.

J. Lavell Harper, Casa Grande, for appellant.

Elmer C. Coker, Phoenix, for appellee.

HOWARD, Chief Judge.

Appellant, Janice Freeman, is an heir of the estate of Henry and Rena Dixon, husband and wife, deceased. In 1965, pursuant to a writ and stipulation by Henry and Rena Dixon and the appellee, a judgment was entered in favor of the appellee

and against the Dixons in the sum of $12,-108.40. A certified copy of this judgment was recorded on January 19, 1965 in Docket 406, page 145 in the office of the Pinal County Recorder, Pinal County, Arizona. On March 1, 1965, there was entered a partial satisfaction of the judgment in the sum of $6,054.20.

Rena Dixon died on December 26, 1965. Her husband, Henry Dixon, received letters testamentary on the 31st day of January, 1966, and first notice to creditors was published on the 2nd day of February, 1966. Henry Dixon subsequently died on July 21, 1966. His sister was given letters testamentary on the 17th day of August, 1966. Notice to creditors was published in his estate on the 24th day of August, 1966.

Both estates were then consolidated for probate on the 31st day of October, 1966. No claim was made against either estate by the appellee during the period of time allowed for the presentation of claims. On May 31, 1967, an order confirming the sale of all the real property of the estate of both Rena and Henry Dixon was entered by the court. Pursuant to said order the property was sold and on the 27th day of May, 1967, an order was entered by the court making distribution of the estate to the heirs.

On November 6, 1968, a writ of garnishment was served by the appellee upon Transamerica Title Insurance Company against funds held for the heirs of the estate of Henry and Rena Dixon. On stipulation of counsel the appellant was substituted as a party for the executrix of the Dixon estate. A motion to quash the writ of garnishment was filed by the appellant. The court denied the motion to quash and judgment was entered against the garnishee-defendant, Transamerica Title Insurance Company.

Three issues are presented: Does payment of the judgment by the garnishee-defendant to the appellee make all issues moot? Did the appellee's judgment constitute a lien upon the real property after probate of the estate? Did Wintroath Pumps have a right to garnish the funds of the sale?

## MOOTNESS OF APPEAL

The appellee contends that this appeal is moot since no supersedeas bond was posted and the garnishee-defendant has already paid the amount of the judgment to the appellee. Payment was made prior to the expiration of time allowed by the statutes to post a supersedeas bond and give notice of appeal. We do not agree. A moot case is one which seeks to determine an abstract question which does not arise upon existing facts or rights. In J. R. Francis Construction Co. v. Pima County, 1 Ariz.App. 429, 403 P.2d 934 (1965), the appellant complained of the awarding of bids to construct a building. Its failure to file a supersedeas bond on appeal made the issue moot since, pending the appeal, the building was completed. A reversal in that case would have been in vain. But this case is different. The purpose of the supersedeas bond is to preserve the status quo. The appellant who fails to post a supersedeas bond runs the risk that upon reversal the funds will have been dissipated.

The rule in Arizona is that even though execution was not issued, the payment of a judgment must be regarded as compulsory. Therefore, this payment does not release errors, nor deprive the payor of his right to appeal. A different result would be reached if payment was to be: By way of compromise and settlement; under an agreement not to appeal; under circumstances leaving only a moot question for determination. Webb v. Crane Co., 52 Ariz. 299, 80 P.2d 698 (1938). A fortiori when the payment is by a third person and without the consent of the appellant, such payment will not render the issues moot. 4 Am.Jur.2d Appeal and Error § 264.

## JUDGMENT LIEN

A.R.S. § 33–961, subsec. B provides:

"An abstract of the judgment of a court, certified by the clerk, shall be filed and recorded in the office of the county recorder in each county where the judgment creditor desires the judgment to become a lien upon the real property of the judgment debtor before the judgment shall become a lien upon or in any manner affect or encumber the real property of the judgment debtor, or any part thereof. The abstract of judgment shall set forth:

1. Title of the court and the action and number of the action.

2. Date of entry of the judgment and the docket record thereof.

3. Names of judgment debtor and judgment creditor.

4. Amount of judgment.

5. Attorney of record for judgment creditor."

■ The appellee, instead of recording an abstract of judgment with the county recorder, filed a certified copy of the judgment itself. It is appellant's contention that this does not satisfy the requirements of A.R.S. § 33–961, subsec. B. We do not agree. In addition to creating the judgment lien itself, the purpose of the recording provisions of statutes dealing with money judgments against owners of real estate is to give constructive notice of the judgment lien to subsequent purchasers, encumbrancers and others who may deal with the real estate. Jones v. Parker, 107 N.J.Super. 235, 258 A.2d 26 (1969). The argument made by the appellant has been advanced before in the case of Calwell v. Prindle, 19 W.Va. 604 (1882), wherein the court stated:

"While there is a difference between an authenticated abstract of a judgment and an authenticated copy of a judgment, still it must be admitted, that an authenticated copy of a judgment contains all the information and more than an authenticated abstract of the judgment, and is in

fact more reliable for the clerk to act upon. An authenticated copy of a judgment * * * includes an authenticated abstract, because it contains all such abstract could and more."

See also, Robbins Investment Company, Inc. v. Robbins, et al., 49 Cal.App.2d 446, 122 P.2d 91 (1942). We therefore hold, that a certified copy of judgment which contains all of the information required in A.R.S. § 33–961, subsec. B is for the purposes of such statute an "abstract of judgment."

■■ A judgment lien is a right given the judgment lien creditor to have his claim satisfied by the seizure of the land of his judgment debtor. The judgment lien gives the judgment creditor no estate of any kind in the land. It is merely a right to levy on any such lands for the purpose of satisfying the judgment to the exclusion of the rights of others that may have attached subsequent to the judgment lien. The debtor has full power to sell, or otherwise dispose of the land, subject of course, to the judgment lien. Jones v. Hall, 177 Va. 658, 15 S.E.2d 108 (1941). The general rule is that once a judgment lien has attached to the land, it remains until legally removed and a purchaser from the judgment debtor who has actual or constructive notice of the lien will take the estate charged therewith. McHugh et al. v. Martin, 198 Md. 173, 81 A.2d 623 (1951); 49 C.J.S. Judgments § 488.

[7] In support of its position that it had a right to garnish the funds, the appellee cites the case of O'Doherty v. Toole, 2 Ariz. 288, 15 P. 28 (1887). Rather than supporting the appellee, this case conflicts with his position. O'Doherty makes it clear that although a creditor having a judgment lien need not file his claim against the estate in order to preserve his lien, the lien attaches to the property itself and not to any funds. If the appellee had wished to have his lien attach to the funds resulting from a sale of the property, he could only have done so by first filing a claim against the estate thereby

bringing him within the purview of A.R.S. § 14–602 which provides:

"A. When a sale is made by an executor or administrator of lands subject to a mortgage or other lien which is a valid claim against the estate of decedent, and which has been presented and allowed, the purchase money shall be first applied, after paying the expenses of the sale, without delay to payment and satisfaction of the mortgage or lien."

At the time of the institution of the garnishment proceedings, the appellee had a valid judgment lien on the property and could have subjected the same to sale in order to satisfy his lien. But, garnishment of the *funds* of the sale was improper since the appellee did not file a claim in the probate proceedings and the court erred in not granting the motion to quash and in granting judgment in favor of the appellee.

The question remaining is whether or not the error of the trial court constitutes reversible error. An answer to this question requires recitation of additional facts. The property subject to the judgment lien was sold in the probate proceedings and a purchase money mortgage and note was deposited with the title company for collection. Subsequently the title company notified appellee that it was about to receive a final $5,000.00 payment and requested appellee to mail it a satisfaction of the judgment in order to close the escrow and insure title. Appellee complied with the request. When the title company, pursuant to the instructions of appellant's attorney, refused to pay appellee's judgment, appellee filed this garnishment action requesting a judgment awarding it the funds due on its judgment, *or in the alternative,* that its judgment lien be foreclosed. The court awarded the wrong remedy and appellee satisfied the judgment.

A reversal of the judgment of the trial court would result in a situation not consonant with our conception of justice. More than five years have elapsed since the date of the judgment against the Dixons. No attempt was made to renew the judgment as required by A.R.S. § 12–1611 and indeed it is doubtful that one can renew a judgment which has been satisfied. Had the trial court not erred, the appellee would have proceeded to foreclose the judgment lien which was then in full force and effect. No matter how the forced sale terminated, the appellant would have lost the sum due on the judgment lien. The parties are now before us in the position that they ought to be. Under the peculiar facts of this case, we believe the situation is analogous to those cases which hold that where the judgment is correct and is the same as would have been reached had the proper remedy or procedure been followed or used, any error as to the remedy used will be regarded as harmless. cf. Town of Holbrook v. Girand, 52 Ariz. 291, 80 P.2d 695 (1938); In re Bank of Winslow, 36 Ariz. 507, 287 P. 444 (1930).

Affirmed.

KRUCKER, J., and JOHN A. McGUIRE, Superior Court Judge, concur.

NOTE: Judge JAMES D. HATHAWAY having requested that he be relieved from consideration of this matter, Judge JOHN A. McGUIRE was called to sit in his stead and participate in the determination of this decision.