413 So.2d 148 (1982)
Mary B. SLATER, Appellant,
v.
BREAKWATER HOMES ASSOCIATION, a Delaware Corporation Authorized to Transact Business in the State of Florida, Appellee.
No. 81-1351.
District Court of Appeal of Florida, Fourth District.
April 28, 1982.
*149 Claire Cubbin, Fort Lauderdale, for appellant.
Wynne M. Casteel, Jr., of Cabot, Wenkstern & Casteel, Fort Lauderdale, for appellee.
DELL, Judge.
Mary Slater appeals from a judgment awarding attorneys fees and costs to the appellee, Breakwater Homes Association, a Delaware Corporation.
Appellant bought a home in Breakwater Subdivision and agreed to be bound by the certificate of incorporation, by-laws and rules and regulations of the Breakwater Homes Association. Appellee is not a condominium association or a developer, but appellee maintains a clubhouse and pool and provides exterior maintenance to the individual homes in the subdivision and assesses homeowners annually for this service. Appellant notified appellee to cease maintenance on her home and informed appellee that she would not pay for individual service thereafter. Appellee filed suit seeking to compel payment of the assessment and prevailed. The court awarded appellee attorneys fees and costs.
Appellant contends the trial court erred when it awarded attorneys fees because neither the corporate charter, the by-laws nor the rules and regulations contain a clause which provides for attorneys fees. We agree and reverse the order awarding attorneys fees.
Appellee argues that the deed to appellant's predecessor in title contained a provision subjecting it to a lease which provided for recovery of attorneys fees incurred in the enforcement of the lien for maintenance and repairs of the common facilities. Appellee has failed to establish the relevancy of this argument because neither the record on appeal nor the evidence before the trial court included the lease or appellant's deed. Furthermore, it affirmatively appears from appellee's amended prayer for attorneys fees and the order granting appellee leave to claim attorneys fees that appellee relied on the corporate by-laws and the rules and regulations of the association to establish its claim for attorneys fees. Neither the by-laws nor the rules and regulations contained a provision for attorneys fees.
It is well settled that attorneys fees in a case of this nature are recoverable only when they are authorized by statute or agreement. Gregory v. Woodbery, 53 Fla. 566, 43 So. 504 (1907); Dorner v. Red Top Cab and Baggage Company, 160 Fla. 882, 37 So.2d 160 (1948); Rivera v. Deauville Hotel, Employers Service Corporation, 277 So.2d 265 (Fla. 1973). Section 57.105, Florida Statutes, does not apply to the facts of this case, nor can appellee rely on Section 718.125, Florida Statutes, which governs only the condominium form of ownership.
Under the circumstances of this case we find no merit in appellee's contention that appellant's payment of the judgment awarding attorneys fees, to avoid execution, terminated her right of appeal. Accordingly, we reverse the trial court's order awarding appellee attorneys fees with leave to the appellant to seek restitution for same.
REVERSED.
GLICKSTEIN and HURLEY, JJ., concur.