475 So.2d 1360 (1985)
RONETTE COMMUNICATIONS CORP., a Florida Corporation, Appellant,
v.
Pasquale LOPEZ, As Personal Representative of the Estate of Ramon Lopez, Deceased, Pasquale Lopez and Francis Lopez, Appellees.
No. 85-1076.
District Court of Appeal of Florida, Fifth District.
October 3, 1985.
Cliff B. Gosney, Jr., Daytona Beach, for appellant.
William H. Phelan of Bond, Arnett & Phelan, P.A., Ocala, for appellees.

ON MOTION TO DISMISS
DAUKSCH, Judge.
This cause is before the court on appellees' motion to dismiss the appeal. They submit that appellant waived its right to appeal when it paid $1,204,651.26 to appellees pursuant to the final judgment in this case. We deny the motion.
Pursuant to a jury verdict, the lower court entered final judgment against appellant awarding appellees damages in the amount stated for the wrongful death of Ramon Lopez. Choosing not to stay execution of the judgment by posting a bond pursuant to Florida Rule of Appellate Procedure 9.310(b)(1), appellant filed its notice of appeal to this court. Subsequently, appellees obtained a writ of execution and directed the sheriff to levy upon appellant's property. To avoid such levy, appellant paid the judgment.
The majority rule is that if a defendant who has suffered the entry of an adverse money judgment against him voluntarily pays the judgment, the case is moot, but if the payment is involuntary, it does not result in a waiver of the right to appeal. See 4 Am.Jur.2d Appeal and Error § 260 (1962). Appellees do not demonstrate, and we have not discovered through independent research, a rationale underlying the rule that voluntary payment of a judgment renders the case moot and precludes appeal while an involuntary payment does not. In any event, however, we conclude that appellant's payment in the instant case was involuntary. In Slater v. Breakwater Homes Association, 413 So.2d 148 (Fla. 4th DCA 1982), the court stated that appellant's payment of a judgment awarding attorney fees to avoid execution did not terminate her right to appeal. In the present case, we have no difficulty concluding that appellant likewise did not lose its right to appeal when it paid the judgment after execution to avoid a levy on its property.[1]
*1361 The fact that appellant could have obtained a stay of execution pending appeal by posting the bond described in appellate rule 9.310(b)(1) but did not is of no legal import here. Appellant's right to appeal is not conditioned upon the posting of a supersedeas bond. Horn v. Horn, 73 So.2d 905 (Fla. 1954); Fitzgerald v. Addison, 287 So.2d 151 (Fla. 2d DCA 1973). We note, however, that appellant's choice of paying the judgment rather than posting a bond pending appeal is a risky one. Although appellant shall be entitled to reimbursement from appellees in the event the final judgment is reversed on appeal, if appellees at that time no longer have the money and are judgment proof, that is appellant's peril. See Sundie v. Haren, 253 So.2d 857 (Fla. 1971). The motion to dismiss is
DENIED.
SHARP and COWART, JJ., concur.
NOTES
[1] Contrary to appellee's assertion, the decision in Reserve Insurance Co. v. McPeak, 181 So.2d 662 (Fla. 1st DCA 1966) did not establish a two-prong test to determine the voluntariness vel non of payment of a judgment awarding damages. The court stated only that payment after execution was issued and levy made was not voluntary.