486 So.2d 20 (1986)
FRANK SILVESTRI INVESTMENTS, INC. et al., Appellants,
v.
Roberta Sullivan, Appellee.
No. 85-1232.
District Court of Appeal of Florida, Fifth District.
March 20, 1986.
Rehearing Denied April 9, 1986.
W.C. Airth, Jr., Fowler, Williams & Airth, P.A., Orlando, for appellants.
Harlan Tuck, Giles, Hedrick & Robinson, P.A., Orlando, for appellee.

ON MOTION TO DISMISS
UPCHURCH, Judge.
Appellee has moved to dismiss this appeal on the grounds that appellants have voluntarily complied with the judgment from which this appeal is taken, paid the judgment, demanded satisfaction of the judgment and the judgment has, in fact, been satisfied.
Appellants object to the dismissal, claiming the payment was not voluntary because appellants were required to make the payment to avoid accruing interest and to obtain a satisfaction and to clear the title to the property. Appellants also contend that the appeal is not frivolous as there are serious questions involved.
It should be noted that the final judgment of foreclosure was entered on June 25, 1985. On July 31, 1985, a motion to stay pending review was granted. The property remained security for the judgment lien and all further activity pertaining to the sale or enforcement of the collection of the judgment was stayed. No mention was made of the appeal in connection with negotiations leading to satisfaction of the judgment and release of the lis pendens.
The Florida cases relating to the question whether payment of the judgment renders the appeal moot involve what the courts have considered "involuntary" payments. In Reserve Insurance Company v. McPeak, 181 So.2d 662 (Fla. 1st DCA 1966), a judgment holder took out execution and made levy on McPeak's property for the full amount of a judgment. On appeal, McPeak paid the judgment to avoid levy and the appeal was dismissed. Thereafter, McPeak sued Reserve Insurance Company for the amount of the satisfied judgment, alleging coverage under a Reserve insurance policy. Reserve argued that McPeak breached the insurance contract by paying the original judgment without its consent or posting of a supersedeas. The court held that payment of a judgment after *21 execution and levy is made is not a voluntary payment so as to deprive the payor of his right of appeal in Florida. The rule that payment after execution does not waive the right to appeal is followed in almost all jurisdictions. See Annot., 39 A.L.R.2d 153 (1955).
We have been unable to find any Florida cases which deal with an appeal of a judgment which is satisfied after a stay has been issued. In Bull v. Doss Brothers Electric Construction Company, 51 Colo. 459, 119 P. 156 (1911), after obtaining a supersedeas staying execution pending appeal, the judgment debtor paid the judgment in full and had the judgment satisfied of record. The court found that "[t]he supersedeas stayed all proceedings to collect, so the judgment lien, though existing, was nonenforceable. It was no more incumbent upon plaintiffs in error to at that time satisfy the judgment than to liquidate an incumbrance before it became due ..." Id. Since the judgment debtors were engaged in the business of buying and selling real estate and negotiating loans thereon they satisfied the judgment to remove the liens and facilitate business. The court held that the payment was voluntary, made as a convenience and not under duress, and accordingly the appeal was dismissed.
In Culp v. Sandoval, 22 N.M. 71, 159 P. 956 (1916), after a motion for rehearing was filed in the New Mexico supreme court, a motion to dismiss disclosed that the original judgment had been paid and fully discharged prior to the request for rehearing, while a supersedeas bond was in effect. The court distinguished this case from those holding that payment is involuntary where a judgment creditor at any time has the power and right to issue execution. Instead, the court noted that in this case, a supersedeas bond had been obtained, suspending the judgment, thereby prohibiting execution. Under these circumstances, the court found there was no legal compulsion involved and payment amounted to a voluntary acquiesence to, and recognition of, the validity of the judgment which precludes further relief therefrom. Accordingly, the court held that appellant was estopped from further prosecution of the appeal. See also Metropolitan Development and Housing Agency v. Hill, 518 S.W.2d 754 (Tenn. App. 1974) (citing Culp with approval and finding that ... "[i]f ... execution is stayed by supersedeas, payment is voluntary and does preclude appeal." Id. at 761.)
Imperial Body Works v. National Claims Service, Inc., 158 Ga. App. 241, 279 S.E.2d 534 (1981) involved payment of a judgment while a motion for new trial was pending. Under Georgia law, the post-trial motion operated as an automatic supersedeas. The trial court dismissed the post-trial motions as moot since the judgment had been satisfied and on appeal the decision was affirmed.
While most courts hold that payments made under threat of execution are involuntary, Ronette Communication Corp. v. Lopez, 475 So.2d 1360 (Fla. 5th DCA 1985); see also, Annot., 39 A.L.R.2d 153, 160 § 5(b); Koerner and Lambert, a Professional Law Corp. v. Allstate Insurance Company, 363 So.2d 546 (La. App. 1978); Freeman v. Wintroath Pumps, Etc., 13 Ariz. App. 182, 475 P.2d 274 (1970); Slate v. Breakwater Homes Association, 413 So.2d 148 (Fla. 4th DCA 1982), their reasoning is based on the ever-present threat of execution. See, e.g., Freeman, supra. However, where a stay has been issued the payment is voluntary. Bull v. Doss Brothers, Culp v. Sandoval, supra.
In the instant case, there was no threat of execution, no reservation of right to appeal and the lien on the property could have been cleared by the filing of a supersedeas. We therefore hold that the payment was voluntary, the appeal is moot, and the appeal is dismissed.
COBB, C.J., and SHARP, J., concur.