ON MOTION TO DISMISS
GLICKSTEIN, Judge.
Judgment payee Stolte, Inc. has moved to dismiss judgment payor Great American Insurance Company’s appeal. Stolte contends that the appeal is barred because Great American’s payment in full of the amount of the judgment, after Great American’s motion for retrial was denied, constitutes voluntary payment, and moots the appeal.
We deny the motion. We find that it is the law in Florida that, absent a stay of execution or a condition that effectively constitutes such a stay, payment or satisfaction of a judgment is involuntary, and does not moot the judgment payor’s appeal, provided the payment was not made by way of compromise or associated with an agreement not to pursue an appeal. Such payments are at least constructively made under threat of execution, as the judgment creditor is free to obtain execution at any time.
A sister court recently wrote the following:
While most courts hold that payments made under threat of execution are involuntary, Ronette Communication Corp. v. Lopez, 475 So.2d 1360 (Fla. 5th DCA 1985); see also, Annot. 39 A.L.R.2d 153, 160 § 5(b); Koemer and Lambert, a Professional Law Corp. v. Allstate Insurance Company, 363 So.2d 546 (La.App.1978); Freeman v. Wintroath Pumps, Etc., 13 Ariz.App. 182, 475 P.2d 274 (1970); Slater v. Breakwater Homes Association, 413 So.2d 148 (Fla. 4th DCA 1982), their reasoning is based on the ever-present threat of execution. See, e.g., Freeman, supra. However, where a stay has been issued the payment is voluntary. Bull v. Doss Brothers [Electric Construction Company, 51 Colo. *353 459, 119 P. 156 (1911)1 Culp v. Sandoval, supra [22 N.M. 71, 159 P. 956 (1916)].
Frank Silvestri Investments, Inc. v. Sullivan, 486 So.2d 20, 21 (Fla. 5th DCA 1986). We think that the principle which the Fifth District Court of Appeal characterized as the holding of most courts is the law of Florida. That principle applies in the present facts and circumstances. Also, like the Fifth District Court of Appeal in another case, we have failed to discover the rationale for the rule that voluntary payment of a judgment precludes appeal. See Ronette Communications Corp. v. Lopez, 475 So.2d 1360, 1360 (Fla. 5th DCA 1985).
Motion to dismiss the appeal is denied.
LETTS and STONE, JJ., concur.