UPCHURCH, F.D., Jr., Judge,
Retired.
This is an appeal from a judgment of dissolution of marriage which denied the appellant/husband’s claim for a special equity in the marital home. He contends that he contributed funds from a source outside of the marital relationship and, pursuant to Ball v. Ball, 335 So.2d 5 (Fla.1976), he is entitled to a special equity because the wife has not proved a gift was intended when title was taken to the property as tenants by the entireties.
Subsequent to the institution of this appeal, the husband purchased the wife’s interest in the property. The wife has now moved to dismiss the appeal on the ground that the issue of the special equity was moot.
The husband characterizes his purchase of the wife’s interest in the real property as tantamount to the payment of a judgment on appeal, and cites this court’s opinion in Ronette Communications Corp. v. Lopez, 475 So.2d 1360 (Fla. 5th DCA 1985). In that case, this court held that an appellant does not lose its right to an appeal when it involuntarily paid a judgment after execution to avoid a levy on its property. The husband argues that he was under a court order to place the property on the market for sale therefore his purchase of the property was involuntary.
This argument is without merit. The appeal of the judgment in this instance precluded enforcement of the court’s order. Unlike a money judgment which could be enforced by levy and sale of property seized pursuant to the levy, sale of the property in question here could only be enforced by application to the court. This remedy was no longer available because the trial court lost jurisdiction when the notice of appeal was filed.
The husband argues that his special equity should attach to the funds which he paid to the wife for her interest in the property. We cannot accept this position. The sale was the result of arms-length negotiations between them to buy or sell their respective interests. The husband agreed to buy the wife’s interest for a specific sum, without any sort of reservation of rights. He cannot now complain that he made a bad bargain.
Because the sale of the property effectively disposes of all issues on appeal, the appeal is DISMISSED.
ORFINGER and COBB, JJ., concur.