682 So.2d 221 (1996)
CONSORTION TRADING INTERNATIONAL, LTD. and Ronald Hubner, Appellants,
v.
Richard LOWRANCE, Appellee.
No. 96-470.
District Court of Appeal of Florida, Third District.
November 6, 1996.
*222 Maria A. Zelaya, North Bay Village, for appellants.
Fromberg, Fromberg, Lewis & Brecker, Michael Paul Shienvold and Robert Slatoff, Aventura, for appellee.
Before GERSTEN, GODERICH and GREEN, JJ.
PER CURIAM.
We reverse the trial court's order granting a final summary judgment of foreclosure against the defendants, Consortion Trading International, Ltd. and Ronald Hubner. In the instant case, final summary judgment was not appropriate where the defendants had properly pled affirmative defenses to the foreclosure action that sounded in waiver, estoppel, and bad faith. These defenses raised genuine issues of material fact and were not barred by the statute of frauds. Griffiths v. Barnett Bank, 603 So.2d 690 (Fla. 2d DCA 1992); Brenowitz v. Central Nat'l Bank, 597 So.2d 340 (Fla. 2d DCA 1992).
In addition, the appellee, the plaintiff below, argues that this appeal is moot because the defendants paid the final judgment and satisfied the mortgage. Specifically, the plaintiff argues that had the defendants wanted to preserve their right to appeal, they should have obtained a stay of execution by posting a supersedeas bond, instead of paying the final judgment. We disagree.
"The majority rule is that if a defendant who has suffered the entry of an adverse money judgment against him voluntarily pays the judgment, the case is moot, but if payment is involuntary, it does not result in a waiver of the right to appeal." Ronette Communications Corp. v. Lopez, 475 So.2d 1360 (Fla. 5th DCA 1985). When a judgment is paid under the threat of execution and levy, the payment is considered involuntary. Ronette, 475 So.2d at 1360 (citing Slater v. Breakwater Homes Ass'n, 413 So.2d 148 (Fla. 4th DCA 1982)); Frank Silvestri Invs., Inc. v. Sullivan, 486 So.2d 20 (Fla. 5th DCA 1986). "The fact that appellant could have obtained a stay of execution pending appeal by posting [a supersedeas bond] but did not is of no legal import.... Appellant's right to appeal is not conditioned *223 upon the posting of a supersedeas bond." Ronette, 475 So.2d at 1361.
In the instant case, the record shows that the defendants involuntarily paid the judgment to avoid the public sale of their property. Accordingly, we find that the plaintiff's argument that the defendants voluntarily paid the judgment thereby making this appeal moot lacks merit.
Reversed and remanded for further proceedings consistent with this opinion.