ON MOTION'TO DISMISS

DAUKSCH, Judge.
This cause is before the court on appellees’ motion to dismiss the appeal. They submit that appellant does not have standing and that the issue on appeal is moot. We deny the motion.
Appellees, plaintiff in the trial court, filed a complaint against appellant, Nazih Khazaal and his brother Nabil Khazaal, amongst others. One count , of the complaint sought to *400 foreclose appellees’ security interest in an Orange County Liquor License. A default final judgment of foreclosure was entered but shortly thereafter it was redeemed.
Generally, one has standing if he or she has a sufficient interest at stake in the controversy which will be' affected by the' outcome of- the litigation. Gieger v. Sun First Nat’l Bank of Orlando, 427 So.2d 815 (Fla. 5th DCA 1983). Appellees allege in their complaint that appellant was the owner of the liquor license, and had executed and delivered a promissory note and mortgage granting a security interest to them in the. license. In his answer, to the complaint appellant defended on. the basis that the transr fer of the license to his brother was done with appellees’ consent, that the mortgage was. not in .default, and that appellees were not entitled to foreclosure. As grantor of the security interest being foreclosed, appellant had a sufficient stake in the litigation to appeal the default final judgment of foreclosure. In fact, the judgment stated that title to the collateral was either vested in appellant or his brother.
Appellees also contend that even if appellant has standing,' the case - is moot because the payment resulting in redemption was voluntary due to the fact that appellant could have moved for a stay pending review or posted a supersedeas bond. “Absent a stay of execution or a condition that effectively constitutes such a stay, payment or satisfaction of a. judgment is involuntary, and does not moot the judgment payor’s appeal, provided the payment was not made by way of compromise or associated with an agreement not to pursue an appeal.” Great American Ins. Co. v. Stolte, Inc., 491 So.2d 352, 353 (Fla. 4th DCA 1986). The fact that appellant could have obtained a stay of execution pending appeal by posting a superse-deas bond is of no legal import because his right to appeal is not conditioned "upon the posting of a supersedeas bond. Horn v. Horn, 73 So.2d 905 (Fla.1954); Roriette Communications Corp. v. Lopez, 475 So.2d 1360 (Fla. 5th DCA 1985).
■■ The majority rule states that if a defendant who has suffered the entry of an adverse money judgment against him voluntarily pays the judgment, the case is moot, but if payment is involuntary, it does hot result in a waiver of the right to appeal. See 4 Am. Jur.2d Appeal and Error § 260 (1962). We reiterate that there does not appear to be a rationale underlying the rule that voluntary payment of the judgment renders the case moot, precluding appeal while involuntary payment does not. Accord, Great American Ins. Co., 491 So.2d at 353. Nevertheless, payment by appellant in this ease was involuntary in that no stay was issued and payment was not made as part of a compromise, but rather to preclude a foreclosure sale.
Accordingly, appellant in this case was not required to post a supersedeas bond or obtain a stay of the foreclosure sale and his failure to do so does not affect his right of appeal. Since appellant has standing and his appeal is not moot, the motion to dismiss is
DENIED.
THOMPSON, J., concurs.
GOSHORN, J., concurs specially with opinion.