NO. 07-02-0071-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



APRIL 3, 2002



______________________________




GERARDO PEREZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW NO. TWO OF LUBBOCK COUNTY;



NO. 99-467299; HONORABLE DRUE FARMER, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Gerardo Perez filed a Motion to Dismiss Appeal on April 1, 2002, averring
that he no longer wishes to prosecute his appeal. The Motion to Dismiss is signed by both
appellant and his attorney. 

 Without passing on the merits of the case, appellant's motion for voluntary dismissal
is granted and the appeal is hereby dismissed. Tex. R. App. P. 42.2. Having dismissed 


the appeal at appellant's personal request, no motion for rehearing will be entertained and
our mandate will issue forthwith. 



 Phil Johnson

 Justice
































Do not publish


See Highland
Church of Christ v. Powell
, 640 S.W.2d at 237 (refusing to hold the appeal moot because,
among other things, a "final decision in this case may give guidance regarding the future
tax liability of Highland on this property"); Employees Fin. Co. v. Lathram, 369 S.W.2d 927,
930 (Tex. 1963) (holding that payment rendered the appeal moot because there remained
nothing to try if the judgment were reversed and the cause remanded for new trial); 5 Roy
W. McDonald & Elaine A. Carlson, Texas Civil Practice §30.19 (1999) (stating that
"[a]bsent some remaining controversy," the appellate court must dismiss). 

 According to Pace (as evinced through the affidavit of its attorney and the
documents attached to the affidavit) the trial court signed, on December 20, 2001, a
judgment against Resendez. Therein, it awarded Pace, against Resendez, attorney's fees
of $25,000 for the trial of the declaratory action it initiated, $15,000 if an appeal is
perfected to an intermediate court of appeals, and $5,000 if the Texas Supreme Court
granted a petition for discretionary review. So too did the trial court order that Resendez
pay court costs and that the outstanding sums accrue post-judgment interest at 10% per
annum until paid. Pace subsequently abstracted the judgment in Bexar County. (1) On June
18, 2002, Resendez paid the sums outstanding under the judgment from the proceeds of
several parcels of realty he sold. In turn, Pace executed a document releasing its abstract
of judgment. These circumstances evinced the voluntary satisfaction of the judgment from
which Resendez appealed, argued Pace. 

 In response, Resendez asserted that immediately prior to closing on the sale of the
property alluded to above, he "did not have adequate funds for living expenses [or] . . . 
to pay off accumulated debt, including debt on the property, or the funds necessary to
operate any business . . . ." The "property being sold" was his "only immediate source of
these funds," and it "was absolutely necessary for [him] to make the sale to survive,"
Resendez continued. Furthermore, the sales contract executed by Resendez and the
buyer purportedly required that any liens against the property be satisfied from the sale's
proceeds. In short, Resendez argued that he paid the judgment under "implied duress." 
 At first blush, one may deduce from these allegations that Resendez was faced with
the choice of either paying the judgment or foregoing personal "surviv[al]." Yet, such a
conclusion would not necessarily be accurate for his affidavit also suggests that the sale
of the land could have proceeded despite the Pace judgement and lien created thereby. 
One may infer this from Resendez' comment that upon discovery of the judgment lien "the
buyers . . . attempted to lower the purchase price, which [he] refused to do." Nowhere
does Resendez suggest that the buyers refused to proceed unless the lien was paid. Nor
did he insinuate that acceptance of the reduced offer of the buyer would not have allowed
him to "survive," pay his debts, and satisfy his living expenses. Nor did he provide us with
an itemization of his liabilities or assets with which to assess the veracity of his
representations about impoverishment and need. Rather, he spoke in generalities and
conclusions which, under the law, are of little probative value. See Aldridge v. De Los
Santos, 878 S.W.2d 288, 296 (Tex. App.- Corpus Christi 1994, writ dism'd w.o.j.) (holding
that conclusions contained in an affidavit have no probative value). Thus, it is quite
possible that Resendez opted to pay the Pace judgment simply to maximize his recovery
from the sale of the land and not to secure his purported survival. And, because of that
possibility and given the conclusory nature of the allegations in Resendez' affidavit, we
cannot say that payment of the judgment was involuntary. 

 Nevertheless, more is proffered than merely the claim of "implied duress." 
Resendez also posited that a legitimate controversy (unrelated to the payment of the
attorney's fees or the declaratory action from which those fees arose) remains live. That
controversy purportedly involves the ability to prosecute his cause of action for damages
founded upon fraudulent inducement, i.e. being induced through fraud to enter into an
agreement which is unenforceable due to the statute of frauds. (2) Moreover, it is this issue
"that forms the crux of [the] appeal," concludes Resendez. 

 From this, we conclude that there exists a controversy necessitating adjudication
distinct from the declaratory action initiated by Pace and the ensuing award of attorneys'
fees. Furthermore, and assuming arguendo that Resendez allegations viz the contention
of fraudulent inducement have merit (something which we do not now decide), reversal
and remand would leave the trial court with a ripe controversy to adjudicate. This
distinguishes the circumstances before us from those in Employee's Fin. Co. Accordingly,
we find that the appeal is not moot and deny the motion to dismiss same. 


 Per Curiam




Do not publish. 
1. While Pace abstracted the judgment, it also claims that it never attempted to execute upon the lien
created thereby. Consequently, we have nothing before us indicating that Resendez paid the judgment to
avoid execution. See Frank Silvestri Inv., Inc. v. Sullivan, 486 So.2d 20, 21 (Fla Dist. Ct. App. 5th Dist. 1986)
(noting that most courts hold that payments made under threat of execution are involuntary). 
2. Apparently, the trial court held that he could not.