NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | |
|---|---|
| MURRAY J. KLAUBER, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | )    Case No. 2D15-926 |
| | ) |
| FIRST FEDERAL BANK OF FLORIDA and | ) |
| TWO HUTS, INC., | ) |
| | ) |
| Appellees. | ) |
| | ) |

Opinion filed February 26, 2016.

Appeal from the Circuit Court for Sarasota
County; Rochelle T. Curley, Judge.

Martin Garcia and Margaret Rowell Good
of Matthews Eastmoore, Sarasota, for
Appellant.

Ryan W. Owen of Adams and Reese LLP,
Sarasota, for Appellee First Federal Bank
of Florida.

No appearance for remaining Appellee.

ALTENBERND, Judge.

Murray J. Klauber appeals a nonfinal order entered after the entry of a

final judgment.[1]  We affirm the order, concluding that the only error in the order will

---

[1]The order on appeal was entered after January 1, 2015, and the rule
relied upon for jurisdiction is not Florida Rule of Appellate Procedure 9.130(a)(4).
Instead, Mr. Klauber appeals the order as a mandatory injunction or an order

never have any effect and does not require reversal.

This case arises from a foreclosure proceeding filed in 2011 by First Federal Bank of Florida. The action named Mr. Klauber and Two Huts, Inc. as defendants. The trial court entered a uniform final judgment of foreclosure, and the relevant property was sold at a foreclosure sale. The sale did not satisfy the full amount of the judgment. In April 2012, the Bank obtained a deficiency judgment against Mr. Klauber and Two Huts, Inc. in the approximate amount of $220,000. Neither party appealed that judgment.

The Bank obtained a writ of execution and ordered the sheriff to execute upon Mr. Klauber's fifty-percent interest in an active corporation. Mr. Klauber did not immediately turn over his stock. Accordingly, in November 2014, the Bank filed a motion to compel Mr. Klauber to surrender the stock to the sheriff. After a hearing on the matter, the trial court granted the motion and entered the order on appeal. The order contains provisions in addition to a simple requirement that Mr. Klauber surrender the stock to the sheriff. If Mr. Klauber had failed to surrender the stock, the order provided that the stock would be "deemed cancelled" and purported to require the corporation, which was not a party to these proceedings, to issue replacement shares and deliver them to the sheriff. It further ordered Mr. Klauber, as a fifty-percent owner of the corporation, not to "dissipate or remove corporate assets," not to allow the corporation to "incur any liability," and not to "interfere with the operation of [the

determining the right to immediate possession of property. See Fla. R. App. P. 9.130(a)(3). Because the result in this case would be the same if we were to review the order under our certiorari jurisdiction, it is not necessary to determine the nature of our jurisdiction.

- 2 -

corporation's] business pending the sale" of the stock by the sheriff. This relief was not requested by the Bank in its motion or at the hearing.

To Mr. Klauber's credit, he complied with the order by turning over the stock. Thus, the portions of the order potentially cancelling the stock, ordering replacement stock, and limiting the activities of the nonparty corporation never went into effect and will have no relevance in the future.

After turning over the stock, Mr. Klauber filed this appeal. He also filed a motion in the trial court to stay the order pending this appeal. The trial court ultimately stayed the last portion of the order that required Mr. Klauber not to dissipate or remove corporate assets, not to allow the corporation to incur any liability, and not to interfere with the operation of the business pending the sale of the stock by the sheriff. The trial court did not stay the order requiring delivery of the stock and would not stay the sale of the stock unless Mr. Klauber posted a bond. He did not post the bond and did not attempt to have this court review the issue. The Bank has supplemented the appendix with documents establishing that the surrendered stock was sold by the sheriff at public auction for an amount in excess of the judgment during the pendency of this appeal.[2]

On appeal, Mr. Klauber first argues that the trial court erred in ordering him to surrender his shares to the sheriff. He argues that the order is a mandatory injunction that was entered without all of the findings required for an injunction. We conclude that, although the order compels Mr. Klauber to take an action, that fact alone

_____

[2]We do not know whether the stock was sold as a block or whether the sale was designed to determine a price per share with only those shares necessary to satisfy the judgment being sold. The terms of the sale are not involved in this appeal.

is not enough to classify the order as an injunction. Most orders require a party to take some action or face a consequence.

Corporate stock can be property subject to execution. See § 56.061, Fla. Stat. (2014). A sheriff who has been properly instructed to levy upon property subject to execution has a duty to levy upon the property. § 30.30(1), Fla. Stat. (2014). The trial court's order required Mr. Klauber to cooperate with the sheriff in the performance of the sheriff's lawful duty. We are unconvinced that a trial court lacks the discretionary power to enter such an order. See § 678.1121(5), Fla. Stat. (2014) (providing that a creditor "is entitled to aid from a court of competent jurisdiction, by injunction or otherwise," to reach a security owned by the debtor in order to satisfy a judgment). We are likewise unconvinced that a postjudgment order "otherwise" assisting the sheriff with lawful instructions to levy by compelling a judgment debtor to surrender his stock to the sheriff must fulfill all of the requirements of an order granting a temporary or permanent injunction.

Mr. Klauber also argues that the trial court erred in issuing the relief that was not requested by the Bank. The Bank admits that the trial court erred in entering the unrequested relief. It argues, however, that this aspect of the appeal is now moot since the stock has been sold. Mr. Klauber responds that an involuntary payment of a judgment does not moot an appeal. In support of his argument, he cites to Ronette Communications Corp. v. Lopez, 475 So. 2d 1360, 1360 (Fla. 5th DCA 1985), and other similar cases.

Ronette and the other cited cases all involve appeals challenging a money judgment that resulted in the involuntary payment. In this case, the counterpart would

- 4 -

have been an appeal of the deficiency judgment. Mr. Klauber is correct that if he had timely appealed the deficiency judgment, his decision to pay the judgment while the appeal was pending would not have mooted the appeal. But in this case the money judgment is final and is not the subject of the appeal. This court has no power in this appeal to alter or reverse the money judgment.

We are unconvinced that we need to decide whether this appeal is fully moot in a technical sense. The trial court did not err in ordering the delivery of the stock to the sheriff. Given that the stock has been sold and the judgment satisfied, the erroneous portion of the order on appeal, which was stayed during the appeal, will never have any application. We see no reason to reverse the erroneous portion of the order and require the trial court to revise the order under these circumstances.

In the order on appeal, the trial court reserved jurisdiction to award attorneys' fees. It has not yet determined an entitlement to or an amount of fees. Thus, if Mr. Klauber is ever aggrieved by a ruling as to fees, he may appeal that ruling.

Affirmed.


NORTHCUTT and CRENSHAW, JJ., Concur.