NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

TINA J. GONZALES, *Petitioner/Appellee*,

*v.*

SIMON GONZALES, *Respondent/Appellant*.

No. 1 CA-CV 19-0303 FC
FILED 5-28-2020

Appeal from the Superior Court in Maricopa County
No. FN2017-002932
The Honorable Kerstin G. LeMaire, Judge

**AFFIRMED**

COUNSEL

Duenas Eden, PLC, Phoenix
By Dorian L. Eden
*Counsel for Petitioner/Appellee*

Horne Slaton, PLLC, Scottsdale
By Thomas C. Horne, Kristin M. Roebuck Bethell
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge David B. Gass joined.

---

**C R U Z**, Judge:

**¶1**          Appellant Simon Gonzales ("Husband") challenges the superior court's grant of summary judgment to Appellee Tina J. Gonzales ("Wife") on his challenge to the parties' property settlement agreement. We conclude the court did not err in finding the agreement to be enforceable and therefore affirm.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**          Wife petitioned for dissolution of the parties' marriage in June 2017. On October 2, 2017, the parties participated in a private mediation. Both parties were represented by counsel in the mediation, and Husband attended telephonically.

**¶3**          The parties reached agreement on all outstanding issues in mediation, and a settlement agreement was prepared. When Husband reviewed the settlement agreement, he balked at the final paragraph stating that the parties entered into it freely, voluntarily, and without undue coercion or duress, and asserted he felt "there was some coercion." He said "[t]here were several levels of coercion that included from [Wife's] lawyer that was very intimidating" and the mediator "presented his case which was somewhat coercive."

**¶4**          After privately conferring with counsel, Husband told the mediator the agreement's terms were fair and equitable. When asked if he had been forced or coerced into the agreement, he responded "not applicable." He also affirmed his intent to be bound by the agreement and authorized his counsel to sign it on his behalf.

**¶5**          Approximately one month later, Husband, represented by new counsel, moved to set aside the settlement agreement. He contended (1) he was not "fully informed as to the assets during mediation"; (2) the agreement did not equitably divide the community property; and (3) he "felt unprepared and unsupported by his [former] lawyer" and for that reason "reluctantly directed his lawyer to sign [it] on his behalf" despite

stating that "he did not agree that the agreement was fair and equitable." He specifically challenged

> (1) the award of the marital home to Wife without any offset;

> (2) the requirement that he pay $32,000 towards the parties' adult child's college education; and

> (3) the untimely disclosure that Wife had four bank accounts, which he speculated "were utilized to transfer and hide community funds."

He requested a hearing under *Sharp v. Sharp*, 179 Ariz. 205 (App. 1994), to ensure the settlement agreement was fair and equitable.

**¶6**        The superior court set a hearing on Husband's motion. But on May 9, 2018, the court issued an order stating it "likely will not schedule trial (or will continue a scheduled trial) for 90 days after a party files a motion for summary judgment" based on this court's opinion in *Hutki v. Hutki*, 244 Ariz. 39 (App. 2018).

**¶7**        The parties filed cross-motions for summary judgment. The superior court ruled in Wife's favor, finding no fact questions remained as to the enforceability of the agreement or the need for an evidentiary hearing.  The court also found (1) the settlement agreement was presumptively valid; (2) Husband "fail[ed] to seek more information prior to the mediation" regarding the value of the community home; and (3) Husband's other arguments amounted to "a case of 'buyer's remorse.'"

**¶8**        Husband appealed the summary judgment ruling.  We dismissed that appeal for lack of jurisdiction.  The superior court then entered a final decree setting forth the agreement's terms and awarding Wife $13,011.96 in attorneys' fees and costs.  Husband timely appealed from the decree; we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

I.    The Court Properly Entered Summary Judgment to Wife on the Validity of the Property Settlement Agreement

**¶9**        Summary judgment is appropriate only if "the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law."  Ariz. R. Fam. Law

P. ("ARFLP") 79(a). We review a grant of summary judgment *de novo.* *Palmer v. Palmer*, 217 Ariz. 67, 69, ¶ 7 (App. 2007).

¶10 The parties to a dissolution case "may enter into a written separation agreement containing provisions for disposition of any property owned by either of them." A.R.S. § 25-317(A). The agreement is valid and binding on the parties if it is "in writing and signed by the parties personally or by counsel on a party's behalf," as is the case here. ARFLP 69(a)(1). A party challenging the validity of a separation agreement "has the burden to prove any defect in the agreement." ARFLP 69(c). If the court finds the agreement to be unfair, it may request that the parties submit a revised agreement or make property disposition orders. A.R.S. § 25-317(C). We review *de novo* the validity and enforceability of a contract, which presents a mixed question of fact and law. *Armiros v. Rohr*, 243 Ariz. 600, 605, ¶ 16 (App. 2018).

A. Husband Did Not Show Duress or Coercion

¶11 Contract law governs a property settlement agreement once it is incorporated into a decree. *Buckholtz v. Buckholtz*, 246 Ariz. 126, 129, ¶ 10 (App. 2019); *see also Emmons v. Super. Ct. in & for Cty. of Maricopa,* 192 Ariz. 509, 512, ¶ 14 (App. 1998) ("Construction and enforcement of settlement agreements . . . are governed by general contract principles."). Legal grounds for voiding a contract include lack of mutual consent, consideration, or capacity, or that it is voidable for fraud, duress, lack of capacity, mistake, or violation of a public purpose. *Austin v. Austin*, 237 Ariz. 201, 206, ¶ 12 (App. 2015).

¶12 Husband contends the settlement agreement is voidable because he agreed to it under "duress and coercion." Duress typically requires "a wrongful threat or act of the other party." *Inter-Tel, Inc. v. Bank of Am., Ariz.*, 195 Ariz. 111, 117, ¶ 36 (App. 1999); *see also* Restatement (Second) of Contracts § 175(1) (1981) ("If a party's manifestation of assent is induced by an improper threat by the other party that leaves the victim no reasonable alternative, the contract is voidable by the victim."). Husband did not show any such act or threat; he only vaguely stated at the mediation he felt "several levels of coercion" from Wife's attorney and the mediator. Then, after privately conferring with counsel, he told the mediator he was not threatened or coerced into making the agreement and intended to be bound by it. The court did not err in granting summary judgment on the enforceability of the agreement. *See Sharp*, 179 Ariz. at 209-10 (rejecting duress argument where party "was represented by counsel and . . . could

4

have asked him to evaluate her chances for a more favorable outcome if the court distributed the parties' property").

B. The Court Was Not Obligated to Conduct a Fairness Hearing

**¶13** Husband contends the court should have held an evidentiary hearing under *Sharp* before granting summary judgment because genuine issues of material fact remained as to whether the agreement was "fair and equitable . . . because the division was grossly disproportionate in Wife's favor."

**¶14** In *Sharp*, we reversed a grant of summary judgment because "there were plainly disputed facts on the question of the fairness of the [property settlement] agreement, and the court was presented no evidence as to the extent of the community assets." *Sharp*, 179 Ariz. at 210. We held that the court should consider

> all the evidence before it relating to the agreement, together with all other evidence concerning the relation of the parties at the time of trial, their ages, financial conditions, opportunities, and the contributions of each to the joint estate. Accordingly, the court need also determine what assets comprise the community estate and whether the party challenging the agreement had full knowledge of the property involved.

*Id.* (internal citation and quotation marks omitted). We further stated that the party asserting the agreement is valid must prove by clear and convincing evidence that it is fair and equitable. *Id.*

**¶15** In *Hutki*, however, we recognized that then-ARFLP 69(B) had superseded the burden of proof established in *Sharp*. *Hutki*, 244 Ariz. at 43, ¶¶ 18-19. That rule, which now appears as ARFLP 69(c), stated that "it shall be the burden of the party challenging the validity of the agreement to prove any defect in the agreement[.]" We held that neither *Sharp* nor A.R.S. § 25-317(B) obligates the court to conduct a hearing in all cases where the parties dispute the fairness of a property settlement agreement. *Id.* at 44, ¶ 29. As such, the issue before us is whether Husband presented sufficient evidence to require a fairness hearing. We conclude he did not.

**¶16** Husband contends "Wife was awarded the [marital] home with equity of $175,000 to $181,000 without any equalization to Husband." But he relies on post-mediation appraisals that valued the home at $405,000. These appraisals are irrelevant because fairness must be evaluated at the

time the agreement was entered. *See Buckholtz*, 246 Ariz. at 133, ¶ 24 n.5. Moreover, Husband admitted he did not obtain an appraisal before mediation. His decision not to do so is not grounds to invalidate the agreement. *See Hutki*, 244 Ariz. at 45, ¶ 30 (noting party challenging the agreement, despite disagreeing with the valuation of the parties' business, "continued the mediation in good faith rather than seeking a second opinion").

¶17            Husband also contended the agreement does not equally divide the parties' retirement accounts because he must "pay $32,000 . . . for the parties' adult child for purposes of undergraduate college costs." Even assuming this is true, unequal does not necessarily mean unfair. *Buckholtz*, 246 Ariz. at 131, ¶ 18. And his after-the-fact allegation that this one term is unequal does not overcome his statement at mediation that the entire agreement was fair.

¶18            Husband also contends the agreement is unfair because Wife "never disclosed any specific waste claim to Husband, which is what Wife argues makes the extreme distortion in the assets in the agreement equitable." Wife presented undisputed evidence that she disclosed her potential waste claim nearly four months before the mediation. Husband could have demanded additional disclosure or conducted discovery on this claim before mediation but did not do so. We, therefore, reject his attempt to contrast this case with *Hutki*, where he contends the parties "had engaged in significant discovery, disclosure, litigation, and back and forth communications on the assets and claims in the case prior to attending the mediation." *See Hutki*, 244 Ariz. at 45, ¶ 30. Nothing prevented him from doing any of these things before mediation. Indeed, the superior court placed the case on the inactive calendar through December 29, 2017, on the parties' representation that they intended to mediate.

¶19            For these reasons, we conclude the superior court did not err in granting summary judgment to Wife. *See* A.R.S. § 25-317(B) (terms of a property settlement agreement "are binding on the court unless it finds . . . that the separation agreement is unfair."); *Sharp*, 179 Ariz. at 210 (stating "it is possible for the trial court to decide by summary judgment whether an agreement is equitable").

II.     Attorneys' Fees and Costs in Family Court

¶20            Husband also challenges the superior court's attorneys' fees and costs award under A.R.S. § 25-324(A). Since filing this appeal, Husband has paid the award in full.

**¶21** The voluntary payment of a judgment precludes appeal. *Flood Control Dist. of Maricopa Cty. v. Paloma Inv. Ltd. P'ship*, 237 Ariz. 322, 326, ¶ 13 (App. 2015). But payments made to avoid collection efforts outside of a settlement or compromise agreement generally are deemed to be compulsory, not voluntary. *Webb v. Crane Co.*, 52 Ariz. 299, 320 (1938); *Freeman v. Wintroath Pumps-Div. of Worthington Corp.*, 13 Ariz. App. 182, 183 (1970). There is no record evidence to suggest the parties reached a settlement or compromise on the fee award. We, thus, assume Husband's payment was compulsory and address the merits of his challenge. *See Del Rio Land, Inc. v. Haumont*, 110 Ariz. 7, 10 (1973) ("One against whom a judgment is entered, if he fails to satisfy it, must expect to see his property seized and sold at a sacrifice, and it is difficult to conceive how his payment of the judgment can give rise to any estoppel against his seeking to avoid it for error.") (quoting Freeman on Judgments, vol. 2, 5th ed., p. 2410, § 1165). We review the fee award for an abuse of discretion. *MacMillan v. Schwartz*, 226 Ariz. 584, 592, ¶ 36 (App. 2011).

**¶22** Husband asks us to vacate the award because the superior court did not issue "specific findings concerning the portions of any award of fees and expenses that are based on consideration of financial resources and that are based on consideration of . . . reasonableness of positions." A.R.S. § 25-324(A). Specific findings are required only if a party or another court of competent jurisdiction requests them. *Id.*; *Myrick v. Maloney*, 235 Ariz. 491, 495, ¶ 10 (App. 2014). Husband requested an evidentiary hearing but not specific findings. The court thus was not obligated to make them. *Cf. MacMillan*, 226 Ariz. at 592, ¶ 39 (litigants must "object to inadequate findings at the trial court level so that the court will have an opportunity to correct them, and failure to do so constitutes a waiver") (quoting *John C. Lincoln Hosp. & Health Corp. v. Maricopa Cty.*, 208 Ariz. 532, 540, ¶ 23 (App. 2004)).

**¶23** Husband also baldly contends his positions below were reasonable and "there [were] disputed facts regarding [his] financial resources, which required a hearing." Merely asserting one's positions were reasonable does not establish an abuse of discretion. *See MacMillan*, 226 Ariz. at 592, ¶ 38 (stating that "the trial court is in the best position to observe and assess the conduct of the parties before it"). Moreover, Husband did not file an affidavit of financial information. If there were fact disputes as to his financial resources, the superior court had broad discretion to resolve them. *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 286, ¶ 31 (App. 2019). We see no abuse of that discretion.

III.     Attorneys' Fees and Costs on Appeal

**¶24**          Wife requests her attorneys' fees and costs incurred in this appeal under A.R.S. § 25-324(A).  Having considered the relevant financial evidence in the record and the parties' positions on appeal, we decline to award fees or costs.

## CONCLUSION

**¶25**          We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA